**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

Joshua Leavitt

      v.   Case No. 24-cv-134-JL-AJ

Warden, FCI Berlin

**REPORT AND RECOMMENDATION**

Petitioner, Joshua Leavitt, a person in the custody of the Federal Bureau of Prisons ("BOP"), filed two motions in his criminal case which the court has docketed outside of that case as two separate petitions for writs of habeas corpus under 28 U.S.C. § 2241. The motion docketed as the petition here (Doc. No. 1) seeks an order directing the respondent to release Leavitt to home confinement immediately, bypassing any halfway house placement.[1] This § 2241 petition is presently before this court for preliminary review. See 28 U.S.C. § 2243; Rule 4 of the Rules Governing Section 2254 Cases ("§ 2254 Rules"); LR 4.3(d)(4)(A); see also § 2254 Rule 1(b) (§ 2254 Rules may apply to § 2241 petitions).

---

[1] The other motion, docketed as a § 2241 petition in Leavitt v. Warden, No. 24-cv-133-JL-AJ (D.N.H.), raises a separate claim challenging the BOP's calculation of Leavitt's earned time credits under the First Step Act ("FSA"). The FSA earned time credit claims in that case are not raised in this petition, and this court expresses no opinion here regarding whether or not the BOP has violated the FSA by failing to apply all of the earned time credits that Leavitt claims to have earned. An addendum to the petition in that case, docketed on June 24, 2024, states that the petitioner is presently in a halfway house placement. See Addendum to Pet., id. (ECF No. 6).

**Standard**

Pursuant to § 2254 Rule 4, a judge is required to examine a petition for habeas relief and, if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition." Id. "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland v. Scott, 512 U.S. 849, 856 (1994). The court construes this petitioner's pleadings liberally, considering his pro se status. See Dutil v. Murphy, 550 F.3d 154, 158 (1st Cir. 2008).

**Background**

Leavitt pleaded guilty in 2022 to two counts of bank fraud and wire fraud. See Minute Entry, United States v. Leavitt, No. 22-cr-74-PB-02 (D.N.H. Sept. 27, 2022). Judge Barbadoro sentenced Leavitt to a 28-month term of imprisonment, followed by two years of supervised release, in that criminal case. See Jt., id. (D.N.H. Apr. 13, 2023) (ECF No. 68).

The BOP Online Inmate Locator projects Leavitt's release from his term of imprisonment as January 21, 2025. Leavitt's Federal Prison Camp ("FPC") Berlin Case Manager, has stated that the BOP

2

projects he could be released from BOP custody in November 2024, with the application of FSA sentence credits.[2]

In 2023 or early 2024, Leavitt's FPC Unit Team told him that he was scheduled to serve the last six months of his term of imprisonment in a prerelease custody setting, either in a halfway house or in home confinement, subject to the administration of a New York-based BOP Residential Reentry Management Center ("RRM"). In particular, Leavitt was told he would be transferred from FPC Berlin to Hampshire House, a halfway house in Manchester, New Hampshire, on May 14, 2024. Leavitt further asserts that his FPC Berlin Case Manager and the Hampshire House case manager expected he might spend only a few days in that halfway house setting before the RRM would assign him to home confinement for the duration of his term of imprisonment.

In late March 2024, the BOP pushed back Leavitt's halfway house transfer date. Leavitt's petition asserts that the BOP's reasons for that change include the "glut" of demand for community-based placements and an administrative decision to prioritize other prisoners for longer or earlier prerelease custody placements. A supplemental pleading filed by Leavitt in June 2024 in a related

---

[2] BOP projects Leavitt's "conditional FSA release date" to be November 7, 2024, a date Leavitt has disputed in a separately docketed § 2241 petition, see Leavitt v. Warden, No. 24-cv-133-JL-AJ (D.N.H.). In that case, Leavitt claims that, if the BOP applied all of his FSA earned time credits, the BOP should release him from his term of imprisonment on or about October 7, 2024, to begin his term of supervised release.

case, see Leavitt v. Warden, No. 24-cv-133-JL-AJ (D.N.H.), states that the petitioner was transferred to a halfway house placement in June 2024.  See Addendum to Pet. (ECF No. 6).

Leavitt petitioned the FPC Berlin Warden for release to home confinement, and the Warden declined that request, explaining that a Warden cannot release prisoners to home confinement at this time in the manner Leavitt requested.  Leavitt's § 2241 petition asks the court to direct the BOP to place him in home confinement immediately, so that he can begin the process of community reintegration and family reunification as soon as possible.

## Discussion

### I. Standard

Habeas corpus relief pursuant to 28 U.S.C. § 2241 is appropriate if a person is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  In exercising its habeas jurisdiction, this court may consider claims asserting that the BOP has unlawfully delayed a person's transfer to a community-based custodial setting.  See Muniz v. Sabol, 517 F.3d 29, 33-34 (1st Cir. 2008); see also Francis v. Maloney, 798 F.3d 33, 36 (1st Cir. 2015) (prisoners may invoke § 2241 "to challenge placement (or lack thereof) in a community confinement center" (citing cases)).  The petitioner bears the burden of proving that his continuing detention violates his federal rights.  See Espinoza v. Sabol, 558 F.3d 83, 89 (1st Cir. 2009).

**II. <u>Home Confinement</u>**

Leavitt's § 2241 petition in this case seeks a court order directing that he be transferred immediately to home confinement. His petition states that if the BOP were to apply all of his FSA earned time credits, he will be released altogether from BOP custody in October 2024, one month earlier than the date projected by the BOP, and a date that is approximately six months from the date when he filed this § 2241 petition.

Leavitt's § 2241 petition does not point to any federal law that requires his immediate placement in home confinement.  Home confinement placements are generally governed by 18 U.S.C. § 3624(c), which states, in pertinent part:

> **(c) Prerelease custody.**
>
> **(1) In general.**  The Director of the Bureau of Prisons shall, <u>to the extent practicable</u>, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community.  Such conditions may include a community correctional facility.
>
> **(2) Home confinement authority.**  The authority under this subsection may be used to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months.  The Bureau of Prisons shall, <u>to the extent practicable</u>, place prisoners with lower risk levels and lower needs on home confinement for the maximum amount of time permitted under this paragraph.
>
> . . . .

18 U.S.C. § 3624(c)(1)-(2) (emphasis added).  Section 3624(c), in stating that prerelease custody is required only "to the extent practicable," makes it clear that prerelease custody "is not guaranteed to anyone."  Zelaya-Romero v. United States, Nos. 15-cr-174 (LGS) & 22-cv-1853 (LGS), 2023 WL 3001871, at *4, 2023 U.S. Dist. LEXIS 68554, at *12 (S.D.N.Y. Apr. 19, 2023); see also Goldings v. Winn, 383 F.3d 17, 23 (1st Cir. 2004) (§ 3624(c) "reflects Congress's intent to impose upon the agency a duty to prepare prisoners for reentry into the community, without tying the hands of administrators in deciding where prisoners are to be placed").

The decision whether to release a defendant on home confinement under federal law is within the BOP's discretion.  United States v. Perkins, 480 F. Supp. 3d 360, 371 (D.N.H. 2020) (citing 18 U.S.C. §§ 3621(b), 3624(c)(2)).  And any sentencing court "order, recommendation, or request . . . that a convicted person serve a term of imprisonment in a community corrections facility shall have no binding effect" on the BOP's exercise of that discretion.  18 U.S.C. § 3621(b).

Leavitt has not demonstrated that the BOP's decision regarding where he is presently housed, and whether and when he should be placed in home confinement, violates his federal rights.

6

Accordingly, the district judge should deny Leavitt's § 2241 petition.[3]

## Conclusion

For the foregoing reasons, the district judge should dismiss this § 2241 petition, without prejudice to the petitioner's ability to litigate that petition as a motion to clarify or supplement the sentencing recommendation in his criminal case. The clerk's office should then enter judgment in this case and close it.

---

[3] Leavitt appears to have intended to file this § 2241 petition as a motion in his criminal case, United States v. Leavitt, No. 22-cr-74-PB-02 (D.N.H.), asking the court in that matter to modify his sentence in a manner that would direct the BOP to transfer him to home confinement immediately. Leavitt's sentence already includes the sentencing court's recommendation that the BOP allow Leavitt to serve his sentence at the lowest level custody facility consistent with his custody level, as close as possible to his family. See Jt., id. (D.N.H. Apr. 13, 2023) (ECF No. 68). The sentencing court cannot modify a term of imprisonment once it has been imposed, subject to limited exceptions that do not appear to be present here. See 18 U.S.C. 3592(c). The sentencing court has discretion, however, in an appropriate case, to clarify its existing sentencing recommendation, or to make a supplemental recommendation outside of the judgment, which might specifically include a recommendation of "home confinement" or halfway house placement, but that recommendation would not be binding on the BOP. See, e.g., United States v. Sirois, No. 1:11-cr-00206-JAW-2, 2018 WL 4928974, at *4, 2018 U.S. Dist. LEXIS 175207, at *11 (D. Me. Oct. 11, 2018) (granting motion for supplemental halfway house recommendation). Whether or not such a clarification or supplementation of the sentencing recommendation is warranted for Leavitt is a decision to be made by the court that sentenced him, not this court. Accordingly, the Order this date directs the clerk's office to docket Leavitt's § 2241 petition (Doc. No. 1) again as a "motion to clarify or supplement sentencing recommendation," in his criminal case, with a notation in that docket cross-referencing this footnote in this Report and Recommendation.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. The objection period may be extended upon motion. Failure to file any objection within the specified time waives the right to appeal the district court's Order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016). Only those issues raised in the written objections "'are subject to review in the district court,'" and any issues "'not preserved by such objection are precluded on appeal.'" Id. (citations omitted).

_____
Andrea K. Johnstone
United States Magistrate Judge

July 1, 2024

cc: Joshua Leavitt, pro se

8